IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2013 Session

## RICHARD THURMOND v. MID-CUMBERLAND INFECTIOUS DISEASE CONSULTANTS, PLC ET AL.

Appeal from the Circuit Court for Montgomery County
No. MCCCCVMA120053      Ross H. Hicks, Judge

No. M2012-02270-COA-R3-CV - Filed April 25, 2013

In this malpractice action, the plaintiff failed to attach proof of service of the statutory notice and the required affidavit with the complaint. The trial court dismissed the action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Henry S. Queener, Nashville, Tennessee, for the appellant, Richard Thurmond.

Suzanne M. Pearson, Dan L. Nolan, and Erik Fuqua, Clarksville, Tennessee, for the appellee, Mid-Cumberland Infectious Disease Consultants, PLC.

**OPINION**

BACKGROUND

This is a medical malpractice[1] action which has not reached the merits. This appeal deals solely with whether the plaintiff met the requirements for filing a malpractice action.

Richard Thurmond, the plaintiff, received medical treatment from Dr. Simi Vincent, who conducts his practice through Mid-Cumberland Infectious Disease Consultants, PLC.

---

[1] We note that 2012 Tennessee Public Acts Chapter 798 substituted the words "health care liability" for the words "medical malpractice" in the statute involved in this appeal, Tenn. Code Ann. § 29-26-121, and other medical malpractice-related statutes.

On January 5, 2012, Thurmond filed a complaint alleging that Dr. Vincent had been negligent in failing to administer appropriate antibiotics for his urinary tract infection, causing his condition to worsen. Paragraph 18 of the complaint states:

> The plaintiffs [sic], through counsel, have complied with the provisions of T.C.A. §29-26-121(a) which requires that any person asserting a potential claim for medical malpractice shall give written notice of such potential claim to each health care provider against whom such potential claim is being made at least sixty (60) days before the filing of a Complaint based upon medical malpractice. On XXXXXX, notice was given to Mid-Cumberland Infectious Disease Consultants, PLC and Simi Vincent by sending it to them in accordance with T.C.A. §29-26-121(a). A disc containing the documentation showing this compliance is attached as Exhibit A.

The disc, however, was not attached. It was subsequently filed on January 17, 2012 as an exhibit to the complaint.

The defendants filed an answer on March 14, 2012 that included a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to comply with the statutory notice provisions and failure to state a claim for which relief can be granted. They specifically noted that the affidavit of the party mailing the notice was not filed. Four days later, the defendants filed a motion for summary judgment, claiming that the plaintiff had failed to file an affidavit establishing compliance with the notice requirements of Tenn. Code Ann. § 29-26-121.

Plaintiff's attorney filed the affidavit at issue on April 5, 2012. He answered the defendants' motion by maintaining that Tenn. Code Ann. § 29-26-121 did not require the filing of the affidavit with the complaint. On April 24, 2012, plaintiff filed a motion to amend the complaint to correct several typos and to add a new paragraph which would state: "On April 5, 2012, plaintiff's attorney filed an affidavit confirming that pre-suit written notice of plaintiff's claims was given to each defendant. A copy of the affidavit is attached to his first amended complaint as Exhibit C." The motion for summary judgment and the motion to amend were both set for July 20, 2012.

In an order entered August 2, 2012, the trial court "reluctantly" determined that it must grant the defendants' motion for summary judgment on the basis that Tenn. Code Ann. § 29-26-121 required that the affidavit be filed with the complaint. The August 2, 2012 order stated that the "lawsuit should be dismissed," and that counsel for the defendants "should prepare an appropriate order." Four days later, on August 6, 2012, the trial court granted the plaintiff's motion to amend the complaint. Subsequently, on September 13, 2012, the trial court entered an order granting the defendants' motion for summary judgment. The

September 13 order found that the affidavit had to be filed with the complaint and that the subsequent April 5 filing of the affidavit did not correct the initial failure. The trial court further found that the plaintiff offered no extraordinary cause to excuse the failure to comply. The effect of the amendment was not addressed. The plaintiff appealed.

STANDARD OF REVIEW

The Tennessee Supreme Court has observed that:

[t]he proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). Consequently, we will treat the motion for summary judgment as a motion to dismiss under Tenn. R. Civ. P. 12.02.

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the complaint rather than the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, courts must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). The scope of review following the grant or denial of a motion to dismiss

involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

ANALYSIS

Fundamental to this case is whether the affidavit must be filed with the complaint, as the defendants' maintain, or whether it can be filed later, as the plaintiff maintains.

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Myers*, 382 S.W.3d at 308 (citations omitted).

> The pertinent portions of Tenn. Code Ann. § 29-26-121(a) and (b) state:
>
> (a)(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:
> . . .
> (4) Compliance with subdivision (a)(3)(B) [mailing of the notice] shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.
>
> (b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

-4-

The use of the word "shall" indicates that the legislature intended the requirements of the statute to be mandatory. *Myers*, 382 S.W.3d at 308.

Tenn. Code Ann. § 29-26-121(a)(3) requires proof of service of the written notice to be filed "with the complaint." When the notice is mailed pursuant to Tenn. Code Ann. § 29-26-121(a)(3)(B), Tenn. Code Ann. § 29-26-121(a)(4) requires demonstrating this fact:

> by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit.

It is not disputed that the required attachments were not filed with the complaint. A disc containing the documentation was filed as an exhibit to the complaint twelve days after the complaint was filed. Plaintiff's attorney filed the required affidavit on April 5, 2012. Plaintiff did not comply with the mandatory requirements of Tenn. Code Ann. § 29-26-121(a) and (b). Subsection (b) does state that "[t]he court has discretion to excuse compliance with this section only for extraordinary cause shown." Plaintiff admits that no such extraordinary cause exists. Consequently, we must find, as the trial court did, that the complaint must be dismissed.

We further note that, although not argued by the plaintiff, the subsequent amendment of the complaint does not help his cause. The Eastern Section of this Court recently found that, "[t]he statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint . . . ." *Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *6 (Tenn. Ct. App. Mar. 5, 2013). "The legislature has established in the Act that absent a showing of extraordinary cause by a plaintiff, a court does not have the discretion to excuse compliance if a complaint is filed that fails to meet the requirements of Tennessee Code Annotated section 29-26-121."[2] *Id*.

Costs of appeal are assessed against the appellant, Richard Thurmond, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]We are cognizant of the harsh result reached in this case, where no one claims the notices were not sent or that any prejudice to the defendants existed. Yet, we are convinced the statute requires this result.